UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| REBECCA NIETHAMMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV1664 CDP |
| ) | |
| PRUDENTIAL INSURANCE ) | |
| COMPANY OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

Plaintiff Rebecca Niethammer sued defendant Prudential Insurance Company in state court when Prudential terminated her long-term disability benefits. Prudential removed the case to federal court on the basis that it was covered by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*. Niethammer moves to remand, asserting that the insurance coverage provided through her employer does not qualify as an ERISA plan because it was purchased through a Multi-Employer Welfare Arrangement (MEWA) and MEWA's are exempt from ERISA. While Niethammer is correct that MEWA's are exempt from ERISA, an employer can still establish an ERISA plan and subscribe to a MEWA to provide benefits, which is what happened here. Additionally, Niethammer's standing argument is not supported by either the law

or the facts in the case. As a result, I will deny Niethammer's motion to remand. I will also grant Prudential's motion to dismiss Niethammer's state-law claims, but I will not dismiss the case entirely because Niethammer's petition states a claim under ERISA in the alternative.

## Discussion

Niethammer was employed with The Booksource/San-Val, Inc. Through her employment with Booksource, Niethammer obtained a long-term disability policy issued by Prudential. Booksource arranged the insurance for its employees through a multi-employer welfare arrangement established by the printing industry, although Niethammer alleges that Booksource was not engaged in the printing and graphic arts industry. Booksource has not registered an employee welfare benefits plan with the United States Department of Labor, nor have any facts been alleged which would support an inference that Booksource participates in the administration of claims or has any discretion with respect to Niethammer's benefits.

Booksource paid 100% of the monthly premiums for long-term disability coverage for its employees. Additionally, all of Booksource's eligible employees are required to be enrolled in the insurance plan. Prudential provides Booksource's eligible employees with an insurance plan certificate that states the

intended long-term disability benefits, covered classes, eligibility requirements, coverage requirements, benefit information, and claims procedure.

Niethammer alleges that on or about August 1, 2001, she suffered health problems that left her unable to work. In November of that year, Prudential began paying her long-term disability benefits. Prudential stopped paying these benefits sometime before January 1, 2005. Niethammer filed a complaint in the Circuit Court of St. Louis County, bringing state-law claims of breach of contract and vexatious refusal to pay. Prudential then removed the action to this court.

### 1.    **Niethammer's Motion to Remand and ERISA Preemption**

Prudential removed under 28 U.S.C. §1441(b), alleging federal question jurisdiction under 28 U.S.C. § 1331. Even though Niethammer's state-court petition did not purport to be brought under ERISA, removal is proper if the state-law claims are completely preempted by ERISA. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 62-63 (1987). State-law claims are preempted if the claims "relate to" an employee benefit plan such that they have a connection with or reference to such a plan. Estes v. Fed. Express Corp., 417 F.3d 870, 871 (8th Cir. 2005).

ERISA defines an employee welfare benefit plan as "any plan, fund, or program . . . established or maintained by an employer . . . for the purpose of

providing for its participants [specified] benefits . . ." 29 U.S.C. § 1002(1).  For a plan, fund or program to fall within ERISA's scope, "a reasonable person must be able to ascertain the intended benefits, a class of beneficiaries, source of financing, and procedures for receiving benefits."  Northwest Airlines, Inc. v. Fed. Ins. Co., 32 F.3d 349, 354 (8th Cir. 1994).

Niethammer raises several arguments for remand.  She argues that ERISA does not preempt her claims because her long-term disability coverage was provided through a MEWA.  She also argues that Prudential does not have standing to raise ERISA preemption because it is not an "ERISA entity."  Finally, she argues that Prudential has failed to establish that ERISA's safe harbor provision does not apply.  Because Niethammer is incorrect as a matter of law, I will deny her motion.

Multi-employer organizations such as the one subscribed to by Booksource are generally exempt from ERISA preemption and may be regulated under state law.  29 U.S.C. §1144(b)(6); see also Wisconsin Education Ass'n Ins. Trust v. Iowa State Board of Public Instruction, 804 F.2d 1059, 1064-65 (8th Cir. 1986).  Still, an employer who subscribes to such a multi-employer organization can establish its own individual plan.  See Memorial Hospital System v. Northbrook Life Ins. Co.. 904 F/2d 236, 242-43 (5th Cir. 1990); see also Credit Managers

Ass'n v. Kennesaw Life and Accident Ins. Co., 809 F.2d 617, 625 (9th Cir. 1987); Ed Miniat, Inc. v. Globe Insurance Group, Inc., 805 F.2d 732, 739-40 (7th Cir. 1987); Donovan v. Dillingham, 688 F.2d 1367, 1374 (11th Cir. 1982).

Niethammer argues that this court should follow the reasoning articulated by the Fifth Circuit in Taggart Corp. v. Life Health Benefits. Admin., 617 F.2d 1208, 1211 (5th Cir. 1980). Taggart is easily distinguishable, because the dispute there was whether a multiple employer trust that provided group insurance was itself an ERISA plan. The court held that it was not. The court also held that the employer did not establish a plan by subscribing to the trust for its sole employee where the employer neither directly nor indirectly owned, controlled, administered or assumed responsibility for the policy or its benefits. The trust acted "as a mere conduit for hundreds of unrelated subscriber customers, forwarding premium payments to a group insurer." 617 F.2d at 1210. Later cases have limited Taggart to its facts. The Donovan court said: "If Taggart implies that an employer or employee organization that only purchases a group health insurance policy or subscribes to a MET to provide health insurance to its employees or members cannot be said to have established or maintained an employee welfare benefit plan, we disagree." 688 F.2d at 1375. Donovan pointed out that the purchase of insurance was not a plan itself, but was evidence of a plan and was "a method of

implementing a plan," Id. Taggart does not dictate the result that plaintiff seeks here.

Booksource paid all of the premiums, and required all of its eligible employees to participate in the plan. The Eighth Circuit has recognized that an employer's payment of insurance premiums, standing alone, is substantial evidence of the existence of an ERISA plan. Robinson v. Linomaz, 58 F.3d 365, 368 (8th Cir. 1995).[1] Additionally, "there is no requirement that the employer play any role in the administration of the plan in order for it to be deemed an EWBP under ERISA." Id. Whether an employer has complied with ERISA's writing and notice requirements is also not relevant to whether there is an employee welfare benefits plan under ERISA. Peterson v. E.F. Johnson Co., 366 F.3d 676, 679 (8th Cir. 2004) ("Compliance with ERISA's writing and notice requirements is not a factor in determining whether a plan is governed by ERISA."). Here, a reasonable person could ascertain the intended benefits, a class of beneficiaries, source of financing, and procedures for receiving benefits. Although no official summary

---

[1] Niethammer cites In re Business Men's Assurance Co., 992 F.2d 181, 182-83 (8th Cir. 1993) for the proposition that evidence of payment alone by Booksource is insufficient to prove the existence of a plan, but Niethammer's reliance on that case is unfounded. In that case, the Eighth Circuit refused to review the district court's decision because "remand orders issued under 28 U.S.C. § 1447(c) are not reviewable by appeal or writ of mandamus." Id. 182. The Eighth Circuit did not decide whether the employer had established a plan, but rather addressed only the appealability of the district court's remand decision.

plan description was given to Niethammer, the certificate provided by Prudential indicated all of these things.

In her reply brief, Niethammer asserted for the first time that Prudential is not an ERISA entity and therefore does not have standing to remove this case to federal court. She cited three Eleventh Circuit cases, although none of them supports her argument. Butero v. Royal Maccabees Life Ins. Co., 174 F.3d 1207 (11th Cir. 1999), held that the insurance company defendant was an ERISA entity. Franklin v. QHG of Gadsden, Inc., 127 F.3d 1024 (11th Cir. 1997) found plaintiff's fraud claim was completely preempted by ERISA and that all the relevant players were ERISA entities. Morstein v. Nat'l Ins. Serv., Ins., 93 F.3d 715, 722 (11th Cir. 1996), held that there was no complete preemption where the state-law claim was "brought against a non-ERISA entity [and] does not affect relations among principal ERISA entities as such." The non-ERISA entities there were an insurance agency and agent who fraudulently induced the plaintiff to change benefit plans. Id. None of these cases supports the argument that Prudential does not have standing to remove this case.

Plaintiff has cited no Eighth Circuit cases for the proposition that only an "ERISA entity" may remove on the basis of ERISA, and at least one Eighth Circuit case has implicitly rejected the argument. In Johnston v. Paul Revere Life

Ins. Co., 241 F.3d 623, 633 (8th Cir. 2001), the Eighth Circuit upheld summary judgment where ERISA preempted the state-law claims. The claims there related to an ERISA plan, but the defendant who removed the case was not an ERISA entity, fiduciary or otherwise. A claims administrator, of course, may be a proper party defendant. Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998). An insurance company is a fiduciary if it is the plan administrator. See Kerns v. Benefit Trust Life Ins. Co., 992 F.2d 214, 216 (8th Cir. 1993). Niethammer has alleged that Prudential controlled the payment of benefits and that Prudential was the decision maker-with regard to her rights under the insurance policy. Even if it was not an "ERISA entity," Prudential had standing to remove this case because the case relates to an ERISA plan.

Niethammer's final argument is that Prudential has failed to show that ERISA's safe harbor provision does not apply. Under the Department of Labor's safe harbor provision, a plan is not established or maintained by an employer when:

>   (1)   No contributions are made by an employer or employee organization;
>
>   (2)   Participation in the program is completely voluntary for employees or members;
>
>   (3)   The sole functions of the employer or employee organization

with respect to the program are, without endorsing the program, to permit the insurer to publicize the program to employees or members, to collect premiums through payroll deductions or dues check-offs and to remit them to the insurer; and

(4) The employer or employee organization receives no consideration in the form of cash or otherwise in connection with the program, other than reasonable compensation excluding any profit, for administration services actually rendered in connection with payroll deductions or dues check-offs.

29 C.F.R. § 2510.3-1(j). All four of the safe harbor provisions must be satisfied for the provision to apply. See <u>Van Natta v. Sara Lee Corp.</u>, 439 F. Supp. 2d 911, 922 (N.D. Iowa 2006). Here, Booksource made all contributions and required all eligible employees to participate, so it must have "endorsed" the program. Prudential is not required to disprove all four of the provisions: showing that three of the four are lacking is three times what is necessary to show that the safe harbor provision does not apply.

### 2. **Prudential's Motion to Dismiss**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Rule 12(b)(6), Fed. R. Civ. P. The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. Federal courts employ a liberal "notice pleading" requirement for factual allegations. Fed. R. Civ. P. 8(a) (A pleading shall contain "a short and

plain statement of the claim showing that the pleader is entitled to relief"). To comply with Rule 8(a), Niethammer need not set out in detail all the facts upon which she bases her claims, but must give Prudential fair notice of what her claims are and the grounds upon which they rest. Gardner v. First American Title Ins. Co., 294 F.3d 991, 994 (8th Cir. 2002).

Niethammer's state-law claims are all based upon Prudential's denial of disability insurance benefits provided for by the plan. As noted above, it is well established that Niethammer's state-law claims are preempted if the claims "relate to" an employee benefit plan such that they have a connection with or reference to such a plan. Estes v. Fed. Express Corp., 417 F.3d 870, 871 (8th Cir. 2005). As I have concluded that the disability insurance plan is covered by ERISA, the state-law claims are completely preempted and must be dismissed.

Prudential seeks dismissal of the entire complaint, but Niethammer points out that in paragraphs 31 and 32 of the state-court petition she alleged ERISA violations in the alternative: "If this cause is determined to be regulated by ERISA . . ." These allegations, when combined with her other factual allegations, are minimally sufficient to give Prudential notice of an ERISA claim, and survive dismissal. I will order plaintiff to replead the claims as ERISA claims, however, because the alternative allegations and the prayer for relief are somewhat unclear,

and should be made more definite. This amendment is ordered by the court, and as such does not waive plaintiff's position that ERISA does not apply.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Niethammer's motion to remand [#7] is denied.

**IT IS FURTHER ORDERED** that Defendant Prudential's motion to dismiss [#11] is granted as to the state-law claims because those claims are completely preempted by ERISA, but the motion is denied as to the alternative ERISA claims.

**IT IS FINALLY ORDERED** that Plaintiff Niethammer shall file an amended complaint by **June 20 , 2007** setting forth more definitely her claims under ERISA.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 4th day of June, 2007.